PER CURIAM.
The appellants, who were considered as a corporation and its owner-sole managing agent, appeal a final judgment enjoining them from engaging in the transportation of persons for compensation beyond the authority of their permit issued by the Florida Public Service Commission. In so doing, the court enjoined the following specific acts:
“(a) The transportation of passengers for compensation whereby the passenger or passengers are picked up at points or places in municipalities in the State of *794 Florida notwithstanding the point of destination of said passenger or passengers.
“(b) The transportation of a passenger or passengers for compensation when such transportation has been contracted for or arranged pursuant to solicitation by the Defendants or either of them or pursuant to a continuing contract between the Defendants or either of them and any other person, firm or corporation.
“(c) The solicitation of transportation business.
“(d) The entry into contracts between the Defendants or either of them and any other person, firm or corporation, whereby the Defendant, PINO, is bound to provide continuing transportation services to or at the behest of said person, firm or corporation on a continuing basis.”
The facts, as found by the trial judge, are not disputed upon this appeal.
“The Defendant, PINO, is the owner of a Master Taxi-Cab Permit, No. 201 TC, issued by the Florida Public Service Commission. The Defendant, EXECUTIVE, is engaged in the travel agency business and, additionally, owns two Master Taxi-Cab Permits issued by the Florida Public Service Commission, namely Permit No. 581 TC and No. 623 TC. The business operations of the two Defendants in the South Florida area are located at 4121 Northwest 25th Street, in the unincorporated area of Dade County, Florida, and from that location PINO conducts his transportation operations hereafter more fully referred to, and operates EXECUTIVE’S business which is primarily a solicitation of ground transportation services in the South Florida area. In conducting their South Florida operations, the two Defendants share the same offices, bookkeepers, management, method of operation and operations, and maintain transportation records interchangeably; PINO is the owner of 83% of the capital stock of EXECUTIVE, is the President of the corporation and its manager, and is in complete control of the corporation and its business operations. Accordingly, for all intents and purposes, the business operations and entities of both Defendants are one and the same as relates to the Defendants’ south Florida operations.
“The taxi-cab permit owned by PINO authorizes him to transport passengers for hire on ‘occasional unsolicited trips only from the unincorporated area of Dade County to points and places in Florida’. The permits owned by EXECUTIVE authorize the transportation of passengers for hire from the unincorporated areas of Orange and Osceola Counties, respectively, to points and places in the State of Florida.
“Florida Statute Section 323.01(9) defining the scope of authority contained in a for-hire permit, limits the transportation activities to ‘single, casual and non-recurring trips in motor vehicles of a capacity of nine, including the driver.’
“Neither Defendant owns nor holds a Certificate, Permit or Authority from the State of Florida other than those referred to above and neither Defendant owns nor holds operating rights of any nature issued by any other governmental entity.
“There is no evidence before this Court as to the transportation activities of the Defendant, EXECUTIVE, under the two Master Taxi-Cab Permits which it owns authorizing for-hire taxi-cab operations in Central Florida. Thus, this case relates solely to business operations in the South Florida area, specifically Dade, Broward and Monroe Counties. These latter operations are performed by PINO and EXECUTIVE jointly as a single entity, as aforesaid.
“Notwithstanding the restrictions contained in Permit No. 201 TC and the restrictions contained in Section 323.01(9), *795 and further, notwithstanding the absence of any certificate, permit or authority issued by the municipalities in the Dade, Broward or Monroe Counties, the Defendants have been engaged and are engaged in the following transportation movements:
“(1) the transportation of passengers from municipalities in Dade and Bro-ward Counties, in most instances, from hotels and motels located in said municipalities to various points and places in the South Florida area and, in some instances, as far north as Disney World in Orange County;
“(2) the transportation of passengers pursuant to solicitations made contrary to the limitations contained in their permit to operate and pursuant to contracts entered into with travel agencies and others, despite the fact that said transportation is private contract carriage for which neither Defendant has a permit.
“The major portion of the Defendants’ operations in South Florida is the transportation of passengers from the Miami International Airport to hotels and motels in South Florida. The Miami International Airport is located in the unincorporated area of the county and the Court does not find that there is any restriction against the pick-up of a passenger or passengers at the Miami International Airport, just as any other taxi-cab may be empowered to do. However, the pick-up and transportation of passengers from the airport pursuant to a continuing contract with a travel agent or agents, or pursuant to solicitations by the Defendants or either of them, are not permitted and any such transportation must, as the Defendants’ permits provide, be occasional and unsolicited and, as 323.01(9) provides, must be single, casual and non-recurring.”
Pino and the Corporation urge: (1) the injunction is improperly broad because it forbids appellants from transporting passengers who are in interstate commerce; (2) the injunction is erroneous in its entirety because the appellants may not lawfully be required to obtain permits from any municipality.
We hold that the type of public transportation undertaken by the appellants requires either a permit from the Florida Public Service Commission or a taxi-cab permit from the municipalities involved. We need not discuss here which permit is required for each of the operations performed by the appellants because they have neither the one nor the other. See Fla. Stat., Chapter 323. The court has in its injunctive order carefully protected the appellants’ rights under the limited Master Taxi-Cab permit for the unincorporated areas of Dade County.
Affirmed.